UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY     *

    *Plaintiffs*     *    CIVIL ACTION NO.

VERSUS     *    JUDGE:

BRIAN T. AND TRACY L. SILVA     *    MAGISTRATE JUDGE:

    *Defendants*     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT OF COLONY INSURANCE COMPANY

**NOW COMES** Colony Insurance Company ("Colony"), a surplus lines insurance company domiciled and with its principal place of business in the State of Virginia, but authorized to do and doing business within this parish, judicial district and state, and pursuant to 28 U.S.C.§§2201 and 2202, and F.R.C.P. Rule 57, brings this Complaint for Declaratory Judgment.

**I.**

Named defendants are the following:

    A.    Brian T. Silva, a competent major formerly, and at times material hereto, domiciled in the Parish of Jefferson, State of Louisiana and thus, within this judicial district, but

-1-

          currently residing at 13550 Morro Road, Atascadero, California 93422

B.    Tracy L. Silva, a competent major formerly, and at times material hereto, domiciled in the Parish of Jefferson, State of Louisiana and thus, within this judicial district, but currently residing at 13550 Morro Road, Atascadero, California 93422

## II.

Jurisdiction is proper in this Court under 28 U.S.C.§2201 and also exists independently under 28 U.S.C.§1332 since complete diversity exists between plaintiff and defendant, and the amount in controversy to which this Declaratory Judgment Action is directed, exceeds $75,000.00, exclusive of interest and costs.

Venue is proper in this district pursuant to 28 U.S.C.§1391.

## III.

Colony issued a certain policy of commercial property insurance numbered MP3357766 (certain relevant parts of which are annexed hereto as Exhibit "A", *in globo*) affording such coverage and subject to such exclusions, conditions, definitions, and other provisions set froth therein during a policy period declared to extend from 04/04/2008-10/04/2009 and relative to premises described as follows:

**COMMERCIAL PROPERTY COVERAGE PART DECLARATIONS**

This Coverage Part consists of this Declarations Form, the Common Policy Conditions, the Commercial Property Conditions, the Coverage Form(s) and the Endorsements indicated as applicable. (See "COMMON POLICY DECLARATIONS" for items 1 and 2)

POLICY NO. __MP3357766__
NAMED INSURED   BRIAN & TRACEY SILVA

## DESCRIPTION OF PREMISES

[X] "X" IF SUPPLEMENTAL DECLARATIONS ATTACHED

| Prem. No. | Bldg. No. | Location, Construction, Year Built and Occupancy |
|---|---|---|
| 1 | 1 | 2631 BELLE CHASSE HWY., GRETNA, LA 70056 <br> FRAME  1997  VACANT |

## COVERAGES PROVIDED - Insurance At The Described Premises Applies Only For Coverages For Which A Limit Of Insurance Is Shown

| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coinsurance* | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 1 | 1 | BUILDING | $400,000 | BASIC-ACV | 80% | 0.78 | $3,120 |

## OPTIONAL COVERAGES - Applicable Only When Entries Are Made In The Schedule Below.

*IF EXTRA EXPENSE COVERAGE, LIMITS ON LOSS PAYMENT

| Prem. No. | Bldg. No. | Agreed Value Expiration Date | Coverage | Amount | Replacement Cost (X) Building | Personal Property | Including "Stock" |
|---|---|---|---|---|---|---|---|

| Prem. No. | Bldg. No. | Inflation Guard (Percentage) Building | Personal Property | *Monthly Limit of Indemnity (Fraction) | *Maximum Period of Indemnity (X) | *Extended Period of Indemnity (Days) |
|---|---|---|---|---|---|---|

## MORTGAGE HOLDERS

*APPLIES TO BUSINESS INCOME ONLY

| Prem. No. | Bldg. No. | Mortgage Holder Name and Mailing Address |
|---|---|---|

## DEDUCTIBLE

$1,00 AOP & AS PER CP0321

| TOTAL PREMIUM FOR THIS COVERAGE PART | $3,120.00 |
|---|---|

**FORMS / ENDORSEMENTS APPLICABLE** (To All Coverages)

SEE FORM U001 - SCHEDULE OF FORMS AND ENDORSEMENTS

DCJ6555 (06/05)   Includes copyrighted material of ISO Commercial Risk Services, Inc. with its permission
Copyright, ISO Commercial Risk Services, Inc., 1984.

Company

IV.

On information and belief, on and around September 29, 2005 – and prior to the subject policy period – the insured premises suffered windstorm, flood, mold and other damage as a result of Hurricane Katrina.

V.

On information and belief, plaintiff took no action to repair the damage caused by Hurricane Katrina and, in fact, the insured premises remained vacant, unused and in a deteriorated and deteriorating condition since that time, and was infested with and/or suffered additional damage as a result of termites, ants, other pests, mold, mildew and continuing exposure to water, moisture, high humidity and uncontrolled seasonal interior and exterior temperature extremes. See tab 11, pg. 54, to Exhibit "D" identified further below.

VI.

Without disclosing to Colony directly the actual and full extent of the dilapidated and deteriorating condition of the premises, plaintiffs procured the subject Colony commercial property insurance coverage.

VII.

As a result of the insured's failure to effect repairs or mitigate the building's Hurricane Katrina damage, the insured premises was ordered demolished by the Parish of Jefferson, Louisiana, and, on information and belief, the building has been torn down. See Exhibit "D", Tab 11, p. 54.

VIII.

On and around September 1, 2008, Hurricane Gustav impacted the New Orleans, Louisiana, metropolitan area, and including the area where the insured premises is located.

**IX.**

As was true after Hurricane Katrina, following Hurricane Gustav, the insureds took no steps to preserve or protect what continued to be a vacant dilapidated and abandoned building, or to perform any repairs to that building.

**X.**

The insureds have now made demand upon Colony to recover full policy limits for the insured premises (See Exhibit "B", *in globo*, which represents the Silvas' purported claim against Colony) and although the insureds have been less than diligent and/or forthcoming in providing Colony with information necessary to properly adjust the claim, Colony has initiated the adjusting process.

**XI.**

Part of this adjusting process has entailed the retention of an independent adjuster and a structural engineer to inspect and report on the condition of the premises, and reports of those inspections have been received by Colony and are annexed hereto *in globo* as Exhibit "C".

**XII.**

Those reports basically concluded that rot, mold, mildew, termite and ant damage, coupled with the passage of time post-Hurricane Katrina with no repair or preservative measures having been taken, resulted in the damage to the insured premises.

**XIII.**

Policy form CP 10 10 04 02, titled "Causes of Loss – Basic Form", constitutes a portion of the commercial property policy here at issue. Although ¶A4 thereof establishes "Windstorm" as a covered cause of loss, it precludes coverage for "[l]oss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand,

dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters."

## XIV.

According to the adjuster and engineering reports to which reference was heretofore made, no such damage to the insured premises resulted from Hurricane Gustav; rather, any such damage resulted from Hurricane Katrina which affected the insured premises prior to the inception of Colony's policy and the impact from which on the insured premises was never mitigated or repaired.

## XV.

Therefore, no coverage exists under the Colony policy for any damage to the interior of the insured premises. Nor does any coverage exist for any damage to the insured premises which predated the inception of the Colony policy. Therefore, no Hurricane Katrina damages are covered, nor are any damages which were or might have been at issue in the hereinafter described litigation brought by the Silvas against Zurich American Insurance Company, *et al*, bearing civil action No. 06-0869 4(4).

## XVI.

Further, form CP 10 10 04 02 also contains a specific exclusion for water damage (¶B(1)(g)), which provides as follows and serves to defeat coverage for the Silvas' claim:

> **g. Water**
>
> (1) Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
> (2) Mudslide or mudflow;
> (3) Water that backs up or overflows from a sewer, drain or sump; or
> (4) Water under the ground surface pressing on, or flowing or seeping through:
> (a) Foundations, walls, floors or paved surfaces;
> (b) Basements, whether paved or not; or
> (c) Doors, windows or other openings. . . ..

## XVII.

Further, form CP 10 10 04 02 also excludes coverage for "Fungus, Wet, Rot, Dry Rot, and Bacteria" as follows and which serves to defeat coverage for the Silvas' claim.

### h. "Fungus", Wet Rot, Dry Rot And Bacteria

Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.

But if "fungus", wet or dry rot or bacteria re-suits in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

This exclusion does not apply:

1. When "fungus", wet or dry rot or bacteria results from fire or lightning; or
2. To the extent that coverage is provided in the Additional Coverage - Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria with respect to loss or damage by a cause of loss other than fire or lightning.

Exclusions B.1.a. through B.1.h. apply whether or not the loss event results in widespread damage or affects a substantial area.

## XVIII.

Additionally, Exclusion "f" applies to defeat coverage for the Silvas' claim due to the

**f.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

## XIX.

Further, the following provisions of policy form CP 00 10 04 02 – the Building and Personal Property Coverage Form of the subject Colony policy – serve to defeat and/or significantly limit Colony's coverage obligations (if any) under the policy – whether based on the insured's conduct or otherwise as therein described – under the facts heretofore set forth:

### 3. Duties In The Event Of Loss Or Damage

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

  **(1)** Notify the police if a law may have been broken.
  **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
  **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
  **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim- This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
  **(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
  **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
  Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
  **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
  **(8)** Cooperate with us in the investigation or settlement of the claim.

 **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

* * *

**6. Vacancy**

 **a. Description Of Terms**

  (1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and (1)(b) below:
   (a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.

      (b) When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless at least 31% of its total square footage is:
         (i) Rented to a lessee or sub-lessee and used by the lessee or sublessee to conduct its customary operations; and/or
         (ii) Used by the building owner to conduct customary operations.
   (2) Buildings under construction or renovation are not considered vacant.

  **b. Vacancy Provisions**

    if the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:
   (1) We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:
      (a) Vandalism;
      (b) Sprinkler leakage, unless you have protected the system against freezing;
      (c) Building glass breakage;
      (d) Water damage;
      (e) Theft; or
      (f) Attempted theft.

   (2) With respect to Covered Causes of Loss other than those listed in b.(1)(a) through b.(1)(f) above, we will reduce the amount we would otherwise pay for the loss or damage by 15%.

## XX.

Moreover, the very damages and quantum of damages which the Silvas are presently demanding from Colony were previously demanded by the Silvas from Zurich American Insurance Company in this Court in the litigation entitled, <u>Brian Silva and Tracey L. Silva v. Zurich American Insurance Company and Hollywood Entertainment Corporation</u>; Civil Action No. 06-8069, Section F, Magistrate 4, United States District Court for the Eastern District of Louisiana, in which the following relevant allegations were made:

VII.

On August 29, 2005, Hurricane Katrina caused severe and substantial wind damage to the commercial property located at 2831 Belle Chase Highway, Terrytown, Louisiana 70056, including but not limited to severe roof damage and interior saturation of the commercial property at issue. Please note, there was no flood damage at said location.

VIII.

Defendant, HOLLYWOOD ENTERTAINMENT has breached the implied conditions of the Lease Agreement failing to take the requisite action to facilitate the recovery of insurance proceeds from ZURICH for repair of the lessed premises.

IX.

Plaintiff seeks an order from requiring Defendant, HOLLYWOOD ENTERTAINMENT to cooperate and actively facilitate the filing and processing of claims with ZURICH in accordance with the implied conditions of the Lease Agreement. Further, HOLLYWOOD ENTERTAINMENT has breached obligation to conduct and/or pay repairs not insured by Zurich. Further Plaintiff seeks damages from HOLLYWOOD ENTERTAINMENT for its breach of the Lease Agreement including but not limited to:

1. Plaintiff's labor, time and expense performing the obligations of Defendant, HOLLYWOOD ENTERTAINMENT including, but not limited to repair of the leased commercial property;
2. Lost value and deterioration of insured commercial property due to lack if cooperation by HOLLYWOOD ENTERTAINMENT; and
3. Attorneys fees, investigative costs and other related cost for HOLLYWOOD ENTERTAINMENT breach of the implied conditions Lease Agreement.

X.

On or about April 25, 2006, Plaintiffs' representative, in their capacity as an additional insured for the ZURICH's liability policy, submitted an initial estimate for the preliminary construction of the insured commercial property totaling $442,356.99 and *an* additional, charge of $45,000.00 for additional services of French Engineering for management permitting and/or other related services for repair of the insured property. Accordingly, the total charges tendered to ZURICH is $487,356.99. However, ZURICH failed to acknowledge the demand nor tender any payment in response to said demand. Accordingly ZURICH'S failed to timely tender any undisputed payments in response to the estimates for construction and management by French Engineering.

XI.

In correspondence of August 10, 2006, ZURICH acknowledged undisputed damages of $146,368.61 for repair and $113,487.57 for construction. Said acknowledgment of $259,856.18 in property damages is deficient and until untimely. Further, ZURICH has failed to tender any proceeds and payment of undisputed damage in response to the demand of $487,356.99 based on the estimates of French Engineering.

Copies of the original Petition, Amended Complaint, Motion for Summary Judgment and related submissions filed by the Silvas and/or other parties therein containing those and similar allegations/statements of purported fact/judicial admissions are annexed hereto *in globo*, as Exhibit "D".

### XXI.

Despite having apparently received a settlement of their claims against Zurich in that litigation, and despite having filed a proof of claim in Hollywood Entertainment Corporation's bankruptcy proceeding, including many of the same damages the Silvas are apparently claiming from Colony now, none of the repairs purportedly necessitated by Hurricane Katrina, which were at issue in that case and for which a settlement was evidently reached, were ever made by the Silvas to the insured premises; and yet, now, by way of their Hurricane Gustav claim against Colony, the Silvas apparently seek to recover for the same damage to the same unrepaired premises. See copies of pleadings annexed hereto as Exhibit "D", *in globo, supra*, and including Minute Entry of March 5, 2008 relative to a Motion to Compel filed by the Silvas against Hollywood Entertainment in which the Court recognized, *inter alia*, that "[a]t the hearing [on the Motion to Compel] . . ., the plaintiff asserted that prior to Hurricane Katrina, potential buyers of the property observed water damage or leakage into the building on the property" and that production request no. 4 related "directly to whether Hollywood performed its purported obligations under the lease of maintenance and repair".

## XXII.

Colony seeks a jury trial on all issues so triable herein.

**WHEREFORE**, Colony Insurance Company prays that this Complaint for Declaratory Judgment be deemed good and sufficient, and that, after due proceedings, including a jury trial on all issues so triable herein, there be judgment in its favor, declaring that it has no liability to the Silvas for insurance coverage – the payment of limits or otherwise – because its commercial property policy issued to defendants, affords no coverage for the losses claimed by defendants.

Respectfully submitted,

*s/ Michael J. Vondenstein*
**MICHAEL J. VONDENSTEIN, T.A.**
(Louisiana Bar Roll No. 13116)
**JOSEPH L. SPILMAN, III**
(Louisiana Bar Roll No. 17813)
Attorneys for Colony Insurance Company
**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, L.L.P.**
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Fax: (504) 836-6565
E-mail: mjv@hmhlp.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 11, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Michael J. Vondenstein*
MICHAEL J. VONDENSTEIN, T.A.